UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA RENE URENA,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. EDCV 14-2531 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

## I. SUMMARY

On December 9, 2014, Rebecca Rene Urena ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; December 12, 2014 Case Management Order ¶ 5.

///
///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On November 1, 2011, plaintiff filed an application for Supplemental Security Income. (Administrative Record ("AR") 16, 161). Plaintiff asserted that she became disabled on March 25, 2006, due to multiple sclerosis, double/bad vision, numbness in hand and legs, fatigue, headaches, trouble walking, dizziness, and pain (AR 183). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on June 26, 2013. (AR 31-53).

On June 28, 2013, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 16-26). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairment: relapsing-remitting multiple sclerosis with optic neuritis (AR 18); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 18); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 416.967(b)) with additional limitations[1] (AR 18); (4) plaintiff had no past relevant work (AR 24); (5) there are jobs that exist in

---

[1] The ALJ determined that plaintiff: (i) could stand and walk for six hours in an eight-hour workday; (ii) could sit for six hours in an eight-hour workday; (iii) would require a sit-stand option and would be limited to changing positions as needed after approximately one hour; (iv) could frequently performed postural activities, except she could not climb ladders, ropes, or scaffolds; (v) could not work at unprotected heights, around moving machinery, or near other hazards; (vii) could not perform jobs that require fine visual acuity; (vii) needed to avoid concentrated exposure to extreme temperatures, vibration, and walking on uneven terrain; (viii) could not perform repetitive or constant fine and gross manipulation bilaterally; and (ix) could not perform jobs requiring hypervigilance or intense concentration on a particular task where she could not be off task for even the briefest amount of time, such as watching a surveillance monitor or where safety might be an issue. (AR 18-19).

significant numbers in the national economy that plaintiff could perform, specifically assembler (small products), office helper, and information clerk (AR 24-25); and (6) plaintiff's allegations regarding the intensity, persistence, and limiting effects of her subjective symptoms were not entirely credible (AR 20-21).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

    (4)    Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

    (5)    Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

    The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

### B. Standard of Review

    Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Courts review only the reasons provided in the ALJ's decision, and the decision may not be affirmed on a ground upon which the ALJ did not rely. See Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).

    Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but

less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)). To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

Even when an ALJ's decision contains error, it must still be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014). An ALJ's error is harmless if (1) it was inconsequential to the ultimate nondisability determination; or (2) the ALJ's path may reasonably be discerned, even if the ALJ explains the ALJ's decision with less than ideal clarity. Id. (citation, quotation marks and internal quotations marks omitted).

A reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless. Brown-Hunter v. Colvin, __ F.3d __, 2015 WL 462013, *3 (9th Cir. Aug. 4, 2015) (No. 13-15213)[2] (citing Stout, 454 F.3d at 1054); see also Marsh v. Colvin, 792 F.3d 1170, 1172 (9th Cir. 2015) (district court may not use harmless error analysis to affirm decision on ground not invoked by ALJ) (citation omitted). Where a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh, 792 F.3d at 1173 (remanding for additional explanation where ALJ ignored

---

[2]The Court takes judicial notice of the Ninth Circuit's docket in Brown-Hunter which reflects that a petition for rehearing is pending in such case. Fed. R. Evid. 201.

treating doctor's opinion and court could not confidently conclude ALJ's error was harmless); Treichler, 775 F.2d at 1099-1102 (where agency errs in reaching decision to deny benefits and error is not harmless, remand for additional investigation or explanation ordinarily appropriate).

## IV. DISCUSSION

Plaintiff asserts that the ALJ erred at step five in finding that plaintiff could perform the representative jobs of assembler (small products), office helper, and information clerk (collectively "representative jobs") based on testimony from the vocational expert which, without explanation, deviated from the Dictionary of Occupational Titles ("DOT"). (Plaintiff's Motion at 14-17). As the Court cannot find that the ALJ's decision is supported by substantial evidence or that any error was harmless, a remand is warranted.

### A. Pertinent Law

At step five, the Commissioner has the burden to show that there is other work in significant numbers in the national economy that the claimant can still do, taking into account the claimant's residual functional capacity, age, education, and work experience. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 416.920(a)(4)(v) & (g), 416.960(c); see Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (describing "legal framework for Step Five") (citations omitted). The Commissioner may satisfy this burden, depending on the circumstances, by calling a vocational expert ("vocational expert" or "VE") to testify as to what work a claimant might be able to perform, and the availability of those jobs in the national economy. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1100-01).

When a vocational expert is consulted at step five, the ALJ poses a hypothetical question at the hearing which essentially asks the vocational expert to identify any occupations that could be performed by an individual who has the same residual functional capacity, age, education, and work experience as the

claimant.  See id. at 1162-63 (citations omitted).  The vocational expert's testimony in response may constitute substantial evidence of the claimant's ability to perform the identified jobs as long as the ALJ's hypothetical question included all of the claimant's limitations supported by substantial evidence in the record.  See Robbins v. Social Security Administration, 466 F.3d 880, 886 (9th Cir. 2006).

ALJs routinely rely on the DOT at step five when considering a claimant's ability to perform other work.  See 20 C.F.R. § 416.969 (DOT contains "information about jobs (classified by their exertional and skill requirements) that exist in the national economy"); Zavalin, 778 F.3d at 845-46 (DOT is Social Security Administration's "primary source of reliable job information") (citation and quotation marks omitted); Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also 20 C.F.R. § 416.966(d)(1) (Social Security Administration takes administrative notice of reliable job information from various governmental and other publications including DOT).  Although "not comprehensive," the DOT provides the general requirements for each listed occupation, and the DOT's description raises a rebuttable presumption as to a particular job's classification.  Zavalin, 778 F.3d at 846 (citation omitted); Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) (citations omitted).

Before an ALJ may rely on a vocational expert's opinion, the ALJ must (1) ask whether there is a conflict between the vocational expert's testimony and the DOT requirements for a particular occupation; (2) "obtain a reasonable explanation for any apparent conflict"; and (3) explain in the decision how the ALJ resolved any such conflict.  Massachi v. Astrue,  486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling ("SSR") 00-4p); see also Rawlings v. Astrue, 318 Fed. Appx. 593, 595 (9th Cir. 2009) ("Only after determining whether the vocational expert has deviated from the [DOT] and whether any deviation is reasonable can an ALJ properly rely on the vocational expert's testimony as substantial evidence to support a disability determination.") (citing id. at 1153–54.

An ALJ's failure properly to conduct the foregoing analysis may be considered harmless error, but only if there was no conflict, or the record contains "persuasive evidence to support the [VE's] deviation." Massachi, 486 F.3d at 1154 n.19; Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (quoting Johnson, 60 F.3d at 1435) (quotation marks omitted). "Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, [citation] or inferences drawn from the context of the vocational expert's testimony." Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir. 1997) (citations omitted).

### B.  Analysis

First, there is an apparent conflict between the vocational expert's testimony and the DOT's requirements for the representative jobs. In response to an initial hypothetical question posed by the ALJ at the hearing, the vocational expert opined that a hypothetical individual with the same characteristics as plaintiff would be able to perform any of the three representative jobs. (AR 49-50). When the ALJ added a "sit-stand option" to the same hypothetical question, the vocational expert opined that despite such addition there would be "no significant erosion" in the number of representative jobs available. (AR 50-51). According to the DOT, however, each of the representative occupations are at the light exertional level, and could require "walking or standing to a significant degree" or "sitting most of the time [with] pushing and/or pulling of arm or leg controls," see DOT §§ 706.684-022 [Assembler, Small Products I]; 237.367-018 [Information Clerk]; 239.567-010 [Office Helper]; see also SSR 83-10 (job may be categorized as "light work" if it "requires a good deal of walking or standing") – which appears to be inconsistent with plaintiff's need for a sit-stand option (*i.e.*, "changing positions as needed after approximately one hour") (AR 18, 50). The vocational expert affirmed that his opinion was "consistent with the [DOT]" (AR 51), but the DOT is silent regarding sit-stand options. See Buckner-Larkin v.

Astrue, 450 Fed. Appx. 626, 628 (9th Cir. 2011) (noting "the DOT does not discuss a sit-stand option. . . .").

While district courts in this Circuit are split on the issue, unpublished Ninth Circuit cases suggest that there is an apparent conflict between the DOT and vocational expert testimony where, like here, the vocational expert testifies that there are jobs available at the light or sedentary exertional level for a claimant who needs a sit-stand option.[3] See, e.g., id. at 628-29 (noting conflict between DOT and vocational expert's testimony that representative sedentary jobs "would allow for an at-will sit-stand option"); Coleman v. Astrue, 423 Fed. Appx. 754, 756 (9th Cir. 2011) (finding apparent conflict between DOT and VE testimony that claimant could perform certain sedentary and light occupations, many of which "could not accommodate [a claimant's] need to switch between sitting, standing, and walking on an hourly basis") (citations omitted); see also Hall v. Colvin, 2015 WL 5708465, *5 (C.D. Cal. Sept. 29, 2015) (VE testimony that hypothetical person who required "a sit/stand option at 1-hour intervals" would be able to do representative light work "suggested potential inconsistencies with the DOT that

---

[3] To the extent defendant argues that "no conflict could have possibly existed" where the DOT is silent regarding a particular limitation (*i.e.*, sit-stand option) (Defendant's Motion at 2), this Court disagrees. See generally Prochaska v. Barnhart, 454 F.3d 731, 736 (7th Cir. 2006) (remanding for ALJ to address "unresolved potential inconsistency" between VE testimony and DOT where it was unclear whether DOT's requirements for representative jobs accounted for claimant's limitation, and the ALJ failed to resolve such inconsistency with the VE, and as a result reviewing court was unable to determine whether VE's testimony actually conflicted with the DOT) (cited by Massachi, 486 F.3d at 1153-54 & n.20); Bautista v. Colvin, 2015 WL 5156427, *6 (C.D. Cal. Sept. 2, 2015) ("Where the DOT's requirements are unclear, there is an unresolved potential inconsistency in the evidence that the ALJ has a duty to resolve and support with substantial evidence.") (citations omitted); Wester, 2015 WL 4608139, at *5 ("[I]n the context of a step-five determination, when a VE relies on a functional limitation about which the DOT is silent or unclear, a conflict may exist depending upon the circumstances of the case.") (citations omitted); Smith v. Astrue, 2010 WL 5776060, at *11 (N.D. Cal. Sept. 16, 2010) ("District courts in the Northern District of California have construed *Massachi v. Astrue* to mean that where an expert opines on an issue about which the DOT is silent, a conflict exists[.]") (citation omitted).

warranted further inquiry") (citing Coleman, 423 Fed. Appx. at 756). This Court is persuaded that there is an apparent conflict between the DOT requirements for jobs at the light exertional level and vocational expert testimony that such jobs can still be performed by a claimant who requires a sit-stand option. See, e.g., Cato v. Colvin, 2015 WL 1481646, *8 (N.D. Cal. Mar. 31, 2015) (noting conflict between VE testimony and DOT where claimant required, but "DOT does not explicitly provide for," a sit-stand option); Lorigo v. Colvin, 2014 WL 1577317, *11 (E.D. Cal. Apr. 18, 2014) (since "the DOT does not discuss the availability of a sit/stand option," and VE expressly relied on the DOT, VE's testimony that available jobs would allow for a sit-stand option "automatically deviated from the DOT") (citing Buckner-Larkin, 450 Fed. Appx. at 628-29); but see Wester v. Colvin, 2015 WL 4608139, *5 (C.D. Cal. July 31, 2015) (noting "District courts in the Ninth Circuit are divided on whether a conflict exists for limitations not addressed by the DOT, including sit/stand options.") (citing cases).

Second, since neither the vocational expert nor the ALJ acknowledged that there was an apparent conflict between the vocational expert's testimony and the DOT's requirements for the representative jobs, neither made any attempt to explain or justify the deviation with respect to such jobs. (AR 24-25, 49-51). Accordingly, the vocational expert's testimony, which the ALJ adopted, could not serve as substantial evidence supporting the ALJ's determination at step five that plaintiff could perform the representative jobs. Pinto, 249 F.3d at 846; see also Rawlings, 318 Fed. Appx. at 595 ("Only after determining whether the vocational expert has deviated from the [DOT] and whether any deviation is reasonable can an ALJ properly rely on the vocational expert's testimony as substantial evidence to support a disability determination.") (citing Massachi, 486 F.3d at 1153-54); see, e.g., Wester, 2015 WL 4608139, at *5 ("[W]ere a VE to testify that a claimant requiring an at-will sit/stand option could perform jobs demanding six hours of standing without explicitly addressing whether those jobs would accommodate her

at-will sit/stand requirement, that testimony might be inadequate to satisfy the Commissioner's burden, particularly if the jobs at issue were unskilled work.") (citing SSR 83-12 (recognizing that although certain jobs permit an employee some choice regarding sitting and standing, "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will")); cf., e.g., Buckner-Larkin, 450 Fed. Appx. at 628-29 (conflict between DOT and VE testimony adequately addressed where VE reasonably explained that deviation "was based on his own labor market surveys, experience, and research" and ALJ addressed the explanation in the decision); Devore v. Commissioner of Social Security, 2015 WL 3756328, at *3-*4 (E.D. Cal. June 16, 2015) (VE provided "reasonable explanation" for opinion that 10 percent of available cashier jobs could accommodate plaintiff's need for a sit-stand option because VE testified that "erosion percentage [was] based upon the VE's professional opinion and not based upon information in the DOT because the DOT does not comment on the erosion aspect of the sit/stand option").

     As defendant correctly notes (Defendant's Motion at 3), as a general proposition no foundation is required for a vocational expert's testimony other than the vocational expert's "recognized expertise" itself. See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). Here, however, the record does not reasonably suggest that the vocational expert's opinion at issue was, in fact, based on the witness' professional expertise at all. As noted above, the vocational expert simply testified that a sit-stand option would cause "no significant erosion" in the number of positions available for the representative jobs, and affirmed that his testimony was consistent with the DOT. (AR 51). Since it appears that the vocational expert's opinion was based solely on the DOT (AR 50-51), the failure to address the apparent conflict was erroneous. See, e.g., Lorigo, 2014 WL 1577317, at *12 (ALJ erred by relying on VE testimony regarding jobs available that claimant could perform because "the VE's testimony that encapsulated a

sit/stand option automatically deviated from the DOT," the "VE did not specifically cite to or note that her opinion was based on anything other than the DOT in determining that [representative] occupations were performable in light of a sit/stand option," and "the VE . . . did not include in her testimony any explanation of how she arrived at or reduced available job numbers to account for the necessary sit/stand option").

Finally, the Court cannot find that the ALJ's error was harmless since defendant points to no persuasive evidence in the record which supports the vocational expert's apparent deviation from the DOT or could otherwise support the ALJ's non-disability determination at Step Five. Cf. Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008) (ALJ erred in finding that claimant could return to past relevant work based on vocational expert's testimony that deviated from DOT because ALJ "did not identify what aspect of the [vocational expert's] experience warranted deviation from the DOT, and did not point to any evidence in the record other than the [vocational expert's] sparse testimony" to support the deviation, but error was harmless in light of ALJ's alternative finding at step five, which was supported by substantial evidence, that claimant could still perform other work in the national and local economies that existed in significant numbers).

///
///
///
///
///
///
///
///
///

## V. CONCLUSION[4]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 30, 2015

                                                    /s/
                                      Honorable Jacqueline Chooljian
                                      UNITED STATES MAGISTRATE JUDGE

---

[4] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[5] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison v. Colvin, 759 F.3d 995, 1019 (9th Cir. 2014) (citation and internal quotation marks omitted).